## SHEWELL v. MACKINLEY.

October 10, 1835.

*Motion to quash the writ.*

Although a writ of replevin issues for goods at the time under execution, the court will not entertain a motion to quash such writ before the service.

*Quære*, if the court will entertain such motion at any time, when made only by the *sheriff*.

IN this case a writ of replevin had issued to replevy certain goods therein named. There were other writs of replevin against the defendant. These writs were delivered to Benjamin Duncan, sheriff, and security in due form tendered him.

A rule was obtained on behalf of *the sheriff* to show cause why the writs should not be quashed, on the ground (supported by affidavit as to the facts) that at the time of the delivery of the writs to him, the property specified in them was under execution, and in his

[Shewell **v.** Mackinley.]

custody, by virtue of a *fieri facias* previously issued out of this court, directed to him.

*P. A. Browne*, for the rule, relied on the act of the 3d of April 1779, *Purd. Dig., tit. Rent and Replevin*; Shearich *v.* Huber, 6 *Binn.* 4.

*Miles, F. W. Hubbell, J. C. Biddle*, and *Ingraham, contra*, contended : 1. The court will entertain no such motion made by *the sheriff* : 2. At all events, the writ can only be quashed in the language of the act, "after the service," which is not the case here.

PER CURIAM.—It is unnecessary to determine as to the first point made by the plaintiff's counsel. The act is express that the court shall have power to quash such writs, upon application, *after the service.* The object was undoubtedly to prevent a fraudulent allegation of an execution in relation to the identity of the goods. Immediately after the service of the replevin, and before they are delivered to the plaintiff (and by our practice the interval affords ample opportunity for the purpose), is the earliest time for an application of this kind. In this way the rights of all parties are best protected, and the responsibility of the sheriff is not increased. Upon the ground, then, that the present application is premature, it is refused.

Rule discharged.(*a*)

(*a*) See English *v.* Dalbrow, *post*, April 1st, 1836.